The opinion of the court was delivered by
TíRohman, C. J.
This is an indictment against John Demuth, the president, and twelve others, managers„of the York and Gettysburg turnpike road company, for keeping a toll-gate in Bottstown, on the said turnpike road, within half a mile of the borough of York, on the 10th day of October, in the year 1821, and afterwards.- The indictment contains five counts, in the four first of which the defendants are mentioned in their corporate capacity, and are proceeded against for having kept Up the said toll-gate, contrary to an act of assembly passed the 21st day of March, in the year 1821, (Pamph. Laws, 187.) The fifth count charges the defendants individually, and is altogether at common law, no mention being made of the act of assembly. The defendants pleaded, not guilty, and autrefoits acquit, on both which pleas issues were joined. The verdict was, “ that the defendants are guilty in manner and form as they stand indicted.” And, upon motion of the defendant’s counsel, it was adjudged by the Court of Quarter Sessions of Ydrk County, that the judgment should be arrested-.
The jury ought not to have been charged with both these issues at once, because, if they found for the defendant, on this plea of autrefoits acquit, no further trial ought to have been had. A former acquittal was a bar to the present indictrnent. But as they were charged with both, they should have given a verdict on both. Judgment could not go against the defendants, until there was a finding against them on the plea of autrefoits acquit. The jury found only that the defendant was guilty in manner and form, &c., which was no answer to the issue of autrefoits acquit. There was evidently, therefore, a mistrial. But, independently of that, exceptions were taken to the indictment, It-is unnecessary to say any thing of the four first counts, as the counsel for the commonwealth has abandoned them, and relies On the fifth only. This is a count at common law; and it appears to me not to be good. It charges the defendants with locking and fastening, on the 10th of October, 1S21, “ a certain toll-gate, before that time made, erected, and placed across the said turnpike road last aforesaid, to certain gate posts, before the said 10th day of October, in the year last aforesaid, made, erected, and placed, in and upon the said turnpike road, at Bottstown, in West Manchester township, and, *392 within half a mile of the borough of York, and keeping the said gate locked and fastened to the said gate posts, from the said 10th day of October, in the year last aforesaid, until the day of the inquisition.” Now, it appears to the court, that the York and Gettysburg turnpike company were incorporated by an act of assembly, passed the 11th of March, 1815, and had authority to erect toll-gates, on any part of the road west of the borough of York, — so that unless some other act of assembly made it unlawful, there could be no offence in erecting the gate in Bottstown, (lying west of the borough of York,) which is the object of the indictment. There was, in fact, another act of assembly, passed the 21st of March, 1821, by which there was a prohibition to erect or set up, in future, any toll-gate on the York and Gettysburg turnpike road, within half a mile of the borough of York', and the president, managers, and company of the said turnpike road, were directed to remove the gate then standing in Bottstown, (the gate now in question,) within six months after the passing of the said act, to a distance not less than half a mile from the borough of York. ■ It is-plain enough, that it was upon this act of assembly, the last count of the indictment was intended to be framed, although there is no mention made of the act, nor is it alleged, that the offence was in violation of it. But I do not perceive, that the defendants, individually, were guilty of any offence. They had a right, as president and managers of the company, to erect the gate at Botts-town under the act of incorporation; and the company in their corporate capacity, and not the defendants individually, were ordered to remove that gate, by the act of the 21st of March, 1821. So that, without entering into any question concerning the constitutionality of the last act, it is the opinion of the court, that the indictment was insufficient, and therefore the judgment was properly arrested.
Judgment affirmed.